The opinion of the court was delivered by
DeBlanc, J.
On the 18th of December, 1861, Homer College sold to ■one Jeter forty acres of land in the parish of Claiborne, and plaintiff ■claims that, on the 27th of February, 1863, he bought from Jeter the land which the latter acquired from the College, or one corresponding to it iu description, with the only exception that the land which he now ■claims is represented — in the act of transfer from his vendor to him — as being in Section 20, instead of Section 24, in township 21, Range 7 West.
In 1875, by judgment obtained contradictorily with one D. B. Hays, •as attorney ad hoc of Jeter, who had left the State, Lippmins procured a correction of the description of the land, and — by that judgment — it was declared located in Section 24 instead of Section 20. Not satisfied with that judicial correction, he procured from Jeter an act of sale of said section. This act, intended and executed to evidence the real contract which had been entered into between the vendor and vendee, on the 27th of February, 1863, was passed in May, 1876.
'On the 6th-of May 1872, the aforesaid 24th Section was sold by the College to James E. Oobb ; in December by Oobb to Daniel Yancey, and —in 1874 — by Yancey to Adolphus McOranie, for four hundred dollars •cash.
This suit was brought by plaintiff to recover the forty acres of land. *1252 twice sold by the College, and the value of its fruits and revenues. Each of the defendant vendees has called his vendor in warranty : McCranie has been recognized as the owner of the land, and — from the decree which recognizes his title — plaintiff has appealed.
Cobb purchased that land at a public sale, a notice of which had been published by the College’s agent and had been read by plaintiff, whe called on Mr. J. S. Young and told him he was inclined to think that the land advertised for sale by the College was his, &c. He could not, at the trial, positively remember whether he was present when it was offered at auction, but believes he was not. Pour witnesses, including the sheriff by whom the sale was cried, swore that he was present at the crying, that -he did not then oppose the sale or warn the bystanders-that he had a title to the land; and — of those four witnesses — three testified that, on said occasion, the only remark which he made was that he had some rails on the land about to be sold, and reserved the privilege-of removing them, from it. He, shortly afterwards, removed them and allowed Cobb, from whom defendant’s title is derived, to take possession of the land.
His limited reservation at- the sale of what he considered as his-property, the fact that, up .to May 1876, no written act attested the existence of his alleged title to section 24, and that — to his knowledge and in his presence — said property was transferred, acquired and paid for, not only without any opposition on his part, but with at least his tacit assent, preclude him from disputing a title and a possession, which— by exclu’sively his fault — have passed to others, who have bought and possessed in good faith.
Plaintiff’s counsel argues that, whatever his client may have said or done at the sale from the College to Cobb, the last deed from Jeter has-passed title to him. That deed was but an acknowledgment that, on the 27th of February 1863, Jeter had sold to plaintiff the land, in controversy, and — by that deed — he acquired no right which he does not claim to have had at the date of the sale to Cobb.
In his Treatise on Equity, Judge Story says : “ There are cases in which a man may innocently be silent; but in other cases a man is bound to speak out, and his very silence becomes as expressive as if he had openly consented to what was said or done and had become party to the transaction. Thus, if a man — having a title to an estate, which is offered for sale and knowing his title, stands by and encourages the sale, or does not forbid it, and thereby another person is induced to purchase the estate under the supposition that the title is good, the former so standing by and being silent will be bound by the sale; and neither he, nor his privies will be at liberty to dispute the validity of the purchase.”
1 Story on Equity, 375 l 385.
*1253 In Marsh vs. Smith, this court held “ that if a man stands by and is silent while his own property is sold, and suffers another to become the purchaser, he is estopped from disputing a title thus acquired.” The xule of law is well expressed by Lord Denman in the case of Pickard vs. Sears (6 Adol. and Ellis, 169), to wit; that where one, by his words or ■conduct, willfully causes another to believe in the existence of a certain •state of things, and induces him to act on that-belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. 5 R. R. 523, 3d R. R. 332.
Plaintiff stood by while his land was offered for sale and sold, merely reserved the right to remove the rails which he had on it, and his action ■and demand against MeCranie were properly dismissed and rejected.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed at plaintiff’s costs.